IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-97-BO

| | |
|---|---|
| WILLIE COUNCIL, representative for Jacqueline Council, deceased wife,<br><br>Plaintiff,<br><br>v.<br><br>U.S. NAVY, et al.,<br><br>Defendants. | **ORDER** |

This matter is before the Court on defendants' motion to dismiss for lack of subject-matter jurisdiction. For the reasons stated below, defendants' motion [DE 16] is GRANTED.

## **BACKGROUND**

Plaintiff brings this tort suit on behalf of his deceased wife who was allegedly exposed to contaminated water during her tenure as an employee at the Marine Corps Base at Camp Lejeune. The suit is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Plaintiff's deceased wife was a nonappropriated fund ("NAF") employee at Camp Lejeune from 1974 until 2007. DE 19 at 11, ¶10. A NAF employee is a civilian federal employee paid from nonappropriated funds of various instrumentalities under the jurisdiction of the armed forces who are dedicated to the comfort, pleasure, contentment, and mental/physical improvement of armed forces personnel. Plaintiff's deceased wife was paid through the Marine Corps Exchange.

Defendants filed the instant motion to dismiss on June 19, 2019. DE 16. Defendants also moved to transfer the case to the Northern District of Georgia to be centralized with related actions that share factual questions arising from deaths and injuries due to contaminated water at

Camp Lejeune. DE 21. On October 2, 2019, the Panel on Multidistrict Litigation denied defendants' motion to transfer, keeping the case with this Court. DE 23.

## DISCUSSION

The FTCA waives sovereign immunity for certain tort claims. The waiver does not extend to situations in which a federal employee has a separate and exclusive remedy provided by another statute. The Longshore and Harbor Workers' Compensation Act is a compensation scheme that provides remedies to employees of nonappropriated fund instrumentalities, including the Marine Corps exchanges. 5 U.S.C. §§ 8171(a), 2105(c). Remedies provided through the Act are "exclusive and instead of all other liability[.]" 5 U.S.C. § 8173; *see also Martin v. United States*, 566 F.2d 895, 897 (4th Cir. 1977) (" . . . 5 U.S.C. § 8173 states that the liability of the United States under this scheme of compensation is exclusive; nonappropriated fund employees whose injuries are covered have no other remedies against the government.").

Here, Mrs. Council was a NAF employee covered by and required to seek compensation exclusively from remedies provided under the Longshore and Harbor Workers' Compensation Act. With no waiver of sovereign immunity for plaintiff's claims, this Court does not have subject-matter jurisdiction and the case must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion [DE 16] is GRANTED and this suit is DISMISSED WITH PREJUDICE.

SO ORDERED, this the __10__ day of October, 2019.

*Terrence Boyle*

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE